UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ANTHONY PADILLA, individually, and on behalf of other members of the general public similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>APL LOGISTICS AMERICAS LTD., a California corporation; APL LOGISTICS WAREHOUSE MANAGEMENT SERVICES INC., a Florida corporation; CARMICHAEL INTERNATIONAL SERVICE, a California corporation; APL LOGISTICS GROUP, an unknown business entity; APL LOGISTICS LTD., an unknown business entity; and DOES 1 through 100, inclusive,<br><br>　　　　　　Defendants. | No. 2:24-cv-02318 WBS SCR<br><br><br>ORDER |

----oo0oo----

Plaintiff's motion to remand has been set for hearing since the motion was filed on September 26, 2024. This court is prepared to hear the motion on the scheduled date. Now, on December 5, 2024 -- a mere four days prior to the scheduled December 9, 2024 hearing -- defense counsel informed the Clerk

1

that they needed to appear at three hearings in the Central District of California, which have somehow just been rescheduled sua sponte for the same day this matter is set for hearing.

There was no showing that counsel asked the judge or judges in the Central District matters to continue those hearings, or that another attorney in the defense law firm cannot cover those matters.  Instead, it appears that counsel's reaction was simply to request this last-minute continuance of the matter in this court.  Unfortunately, this is not an uncommon experience, most commonly seen in matters out of southern California.

This court has determined that it would benefit from oral argument on the motion that has been pending in this court for the last two-plus months.  It is no acceptable solution to defense counsel's conflict to put the hearing on the matter off to some future date.  The court simply cannot afford to run its calendar that way.  The court notes that defendants have no less than <u>four</u> lawyers, from a law firm with more than 1000 lawyers, listed as counsel on their opposition to the motion.  It is hard to believe that defendant's law firm is unable to arrange for a personal appearance by one of those lawyers who affixed their names to the pleadings.

IT IS THEREFORE ORDERED that defendant's request for a continuance is DENIED, and counsel for defendant shall personally appear at the December 9, 2024 hearing on the motion to remand.

Dated:  December 5, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

2