UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ANTHONY PADILLA, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APL LOGISTICS AMERICAS LTD., a California corporation; APL LOGISTICS WAREHOUSE MANAGEMENT SERVICES INC., a Florida corporation; CARMICHAEL INTERNATIONAL SERVICE, a California corporation; APL LOGISTICS GROUP, an unknown business entity; APL LOGISTICS LTD., an unknown business entity; and DOES 1 through 100, inclusive,<br><br>Defendants. | No. 2:24-cv-02318 WBS SCR<br><br>MEMORANDUM AND ORDER RE: PLAINTIFF'S MOTION TO REMAND |

----oo0oo----

Plaintiff Anthony Padilla filed this putative wage-and-hour class action in San Joaquin County Superior Court against defendants APL Logistics Americas Ltd., APL Logistics Warehouse

1

Management Services Inc., Carmichael International Service, APL Logistics Group, and APL Logistics Ltd. (Compl. (Docket No. 1-1).) Defendants removed the action to this court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (Docket No. 1.) Plaintiff now moves to remand. (Mot. (Docket No. 12).)

Under the federal removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant . . . to the district court of the United States for the district . . . where such action is pending." 28 U.S.C. § 1441(a). Under CAFA, the federal courts have original jurisdiction over class actions in which the parties are minimally diverse, the proposed class has at least 100 members, and the aggregated amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2). "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014).

"The mechanics and requirements for removal are governed by 28 U.S.C. § 1446," which "identifies two thirty-day periods for removing a case." Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1139 (9th Cir. 2013). "The first thirty-day removal period [under § 1446(b)(1)] is triggered if the case stated by the initial pleading is removable on its face." Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 885 (9th Cir. 2010) (internal quotation marks omitted). "The second thirty-day removal period [under § 1446(b)(3)] is triggered if the initial pleading does not indicate that the case is

2

1  removable, and the defendant receives 'a copy of an amended
2  pleading, motion, order or other paper' from which removability
3  may first be ascertained." Id. (quoting 28 U.S.C. § 1446(b)).
4         "A CAFA case may be removed at any time, provided that
5  neither of the two thirty-day periods under § 1446(b)(1) and
6  (b)(3) has been triggered." Roth v. CHA Hollywood Med. Ctr.,
7  L.P., 720 F.3d 1121, 1126 (9th Cir. 2013).
8         Plaintiff argues that "[w]hile the Complaint does not
9  necessarily signal an amount in controversy or the number of
10 putative class members, this information was easily accessible
11 and in Defendant's exclusive possession, custody, and control as
12 the employer," and therefore "Defendant could have exercised
13 reasonable diligence to determine its removability." (See Mot.
14 at 1, 4.)  This argument lacks merit.
15         "[N]otice of removability under § 1446(b) is determined
16 through examination of the four corners of the applicable
17 pleadings, not through subjective knowledge or a duty to make
18 further inquiry." Harris v. Bankers Life & Cas. Co., 425 F.3d
19 689, 694 (9th Cir. 2005). "[E]ven if a defendant could have
20 discovered grounds for removability through investigation, it
21 does not lose the right to remove because it did not conduct such
22 an investigation and then file a notice of removal within thirty
23 days of receiving the indeterminate document." Roth, 720 F.3d at
24 1125.  While a defendant must "apply a reasonable amount of
25 intelligence in ascertaining removability," for instance by
26 conducting calculations based on the figures provided in the
27 complaint, the defendant is "not obligated to supply information"
28 omitted by plaintiff's pleadings in order to determine

3

1   removability. See Kuxhausen, 707 F.3d at 1141.[1]

2         As plaintiff apparently concedes (see Mot. at 1), the
3   complaint did not "affirmatively reveal[] on its face the facts
4   necessary for federal court jurisdiction." See Blumberger v.
5   Tilley, 115 F.4th 1113, 1122 (9th Cir. 2024).  The complaint
6   states that "the class is estimated to be greater than fifty (50)
7   individuals and the identity of such membership is readily
8   ascertainable by inspection of Defendants' employment records."
9   (Compl. ¶ 19(a).)  This allegation falls short of the 100 class
10  members required by CAFA.  The complaint provides no figures that
11  would enable the calculation of an amount-in-controversy greater
12  than $5 million.  The first removal window under § 1446(b)(1)
13  therefore was not triggered.  And plaintiff does not argue, nor
14  is there anything in the record to indicate, that plaintiff
15  served some other pleading that could trigger the second removal
16  window under § 1446(b)(3).

17        Defendants removed approximately four months following
18  the filing of the complaint "on the basis of [their] own
19  information," which is permissible because neither 30-day period
20  was triggered.  See Roth, 720 F.3d at 1125-26.  Accordingly, the
21  action was not improperly removed.

---

[1] Plaintiff cites three district court cases that concluded otherwise, holding that removability was triggered based on information outside the pleadings within the defendants' possession. See Dempsey v. Raley's, No. 2:21-cv-02300 KJM DB, 2022 WL 1211241, at *2-3 (E.D. Cal. Apr. 25, 2022); Thomas v. CVS Health Corp., No. 2:19-cv-04283-R-FFM, 2019 WL 3526344, at *3 (C.D. Cal. Aug. 1, 2019); Banta v. Am. Med. Response Inc., No. 11-cv-03586 GAF RZX, 2011 WL 2837642, at *6-8 (C.D. Cal. July 15, 2011).  Because the court cannot reconcile these cases with the Ninth Circuit authority cited above, they are unpersuasive.

1        IT IS THEREFORE ORDERED that plaintiff's motion to
2   remand (Docket No. 12) be, and the same hereby is, DENIED.
3   Dated:  December 10, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE